IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  HOLIDAY SHIPPING d/b/a Holiday Shipping and Trucking, LLC; Holiday Travels & Tours; Holiday Travel & Tours; Holiday Travel and Tours; Holiday Shopping; Holiday Travel and Shipping; and Leone Shipping, LLC,  Defendant. | CIVIL ACTION NO.: 4:23-cv-319 |

**O R D E R**

The United States of America (the "Government") filed this suit to collect civil penalties assessed against Defendant Holiday Shipping for knowingly filing false export information in violation of United States Customs and Border Protection (hereinafter, "Customs") laws and regulations. (Doc. 1.) The Government has filed a Motion for Default Judgment against Defendant, which has already been entered into default by the Clerk of Court. (Doc. 9.) Generally, after receiving the Clerk's default, the Court can enter a default judgment provided none of the defendants are an infant or incompetent. Fed. R. Civ. P. 55(b)(2). However, the Clerk's entry of default does not automatically warrant entry of default judgment. "[T]hree distinct matters emerge as essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. Before the Court can grant plaintiff's motion for default judgment, all three must be established." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Of particular concern to the Court in this case is the requirement that it "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." Odyssey Marine Exploration, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 727 F. Supp. 2d 1341, 1345 (M.D. Fla. 2010); see also Geodetic Servs., Inc. v. Zhenghzou Sunward Tech. Co. Ltd., No. 8:13-CV-1595-T-35TBM, 2014 WL 12620804, at *2 (M.D. Fla. Apr. 4, 2014) ("A default judgment is void in the absence of the Court's personal jurisdiction over the defendant . . . .").

In its Complaint, the Government alleges, vaguely, that Defendant is "a company involved in exporting merchandise from the United States" and that, "[o]ver the past several years, Holiday Shipping has conducted business from several locations in or around Atlanta, Georgia, including (1) 1140 South River Industrial Boulevard, Atlanta, Georgia 30315; (2) 1153 Willingham Drive, East Point, Georgia 30344; and (3) 5703 Westhill Circle, Atlanta, Georgia 30349," and its registered agent is Marie Carew.[1] (Doc. 1, p. 2.) According to the Complaint, on various specified dates, Defendant, acting as the authorized agent for various companies, filed "Shipper Export Declarations" regarding international exports from the Port of Savannah, Georgia, which were determined to be inaccurate. (Id. at pp. 5–8.) As a result, Customs issued "Notices of Penalty" to Defendant. (Id. at p. 9.) The Complaint alleges that Customs sent repeated written correspondence to Defendant demanding payment for the penalties and that, as a result of Defendant's failure to pay, Customs's claims were referred for this legal action. (Id.)

---

[1] While the Complaint further alleges that, "[u]pon information and belief, [Defendant] does business" under a variety of other names, some of which include the abbreviation "LLC," the Complaint fails to allege that Holiday Shipping is in fact an LLC (nor does it otherwise allege precisely what type of business Holiday Shipping is).

The Government's very terse Motion for Entry of Default Judgment, which is barely two and a half pages long, is completely silent concerning service and personal jurisdiction. (See doc. 9.) The Government merely claims, conclusorily, that because the Clerk of Court has entered default against Defendant, "[e]ntry of a default judgment against [Defendant] is now appropriate." (Id. at p. 3 (citing Fed. R. Civ. P. 55(b)(2); Kendrick v. Bennett, No. CV 122-045, 2022 WL 16753046, at *5 (S.D. Ga. Nov. 4, 2022)).)

Prior to seeking default and default judgment, the Government filed two documents relating to service of process of the summons and Complaint. (Doc. 5.) The first document is "Form USM-285," which is entitled "Process Receipt and Return," and it directs the United States Marshals Service to "SERVE Holiday Shipping AT 5703 Westhill Circle, Atlanta, GA 30349." (Id. at p. 1.) The "Remarks" section at the bottom of that document bears the following handwritten note: "1510 hours personally served own [sic] of Holiday Shipping Marie Carew." (Id.) The second document within the filing is "AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)," which bears the heading "Proof of Service." (Id. at p. 2.) This form features a variety of blanks, where the server is expected to fill in the necessary information. The bottom of the document is signed by the server "under penalty of perjury." (Id.) Here, the server declared (by filling in the blanks) that: "This summons for *(name of individual and title, if any)* Marie Carew 'Holiday Carew' was received by me on *(date)* 11/29/23." (Id.) The server then checked the box next to one of five fill-in-the-blank options describing the specific service-related action he performed, filling in the blanks for that option as follows: "I personally served the summons on the individual at *(place)* 5703 Westhill Circle, Atlanta, GA 30349 on *(date)* 11/29/23."[2] (Id.)

---

[2] Notably, the server could have instead chosen to check the box and fill in the blanks for the following alternative description: "I served the summons on (name of individual) _____, who is designated

3

These documents provide more questions than answers, such as whether a copy of the Complaint was actually served along with the summons; whether Marie Carew was indeed served a summons directed to her individually (which is what the Proof of Service explicitly states); what is the significance of the reference to "Holiday Carew" in the line for the "name of individual and title, if any"; and, if Marie Carew was actually served a summons directed to Defendant (along with a copy of the Complaint), whether (and, if so, on what basis) she was in fact a person authorized or designated by law to accept service on behalf of Defendant and whether she knew or should have known that she was being served in this capacity.[3]

"[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." Albert v. Discover Bank, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022). Courts have declined to enter default judgments where the movant has failed to show that service of process has been properly effectuated on the party against whom a default judgment is sought. Worldwide Distribs., Inc. v. Maven Med, Inc., 22-23635-CIV, 2023 WL 4303847, at *5–6 (S.D. Fla. June 15, 2023), report and recommendation adopted, 22-23635-CIV, 2023 WL 4295421 (S.D. Fla. June 30, 2023). Accordingly, this piece of the Court's inquiry is critical and requires far more serious attention from the Government. In this high-stakes setting, where the Court is being asked to issue a default judgment against Defendant due to the fact that

---

by law to accept service of process on behalf of (name of organization) _____ on (date) _____." (Doc. 5, p. 2.)

[3] The Court acknowledges that the Complaint refers to Marie Carew as Defendant's registered agent, (see doc. 1, p. 2), but neither of the service-related documents indicates that she was requested or expected to be served at all (much less in her capacity as registered agent) nor do the forms indicate that she actually was served in the capacity of registered agent. Moreover, the Form USM-285 refers to her as "own [sic] of [Defendant]," (doc. 5, p. 1), but the Court has never been informed what type of entity Defendant is, much less whether Marie Carew qualifies as an "owner" authorized to accept service.

it has made no appearance in the case, the Court declines to simply assume that service was properly made, particularly given the above-described shortcomings. See, e.g., Macys v. Century Golf Partners GP LLC, No. 6:24-CV-1669-WWB-DCI, 2025 WL 895989, at *2 (M.D. Fla. Mar. 24, 2025) ("The Court . . . finds that the process server's representation to the Court on the second page of the AO 440 that the process server served only a summons on an individual who identified themselves as the person authorized to accept service does not persuade the Court that Plaintiff properly effected service."); Reaves v. RCS Cap., No. 1:19-cv-2017, 2020 WL 7395558, at *2 (N.D. Ga. Jan. 8, 2020) (denying a motion for default judgment where an affidavit of service did not affirmatively state that the defendant's registered agent also was served with a copy of the complaint as required by Rule 4(c)(1)); Sumner v. Premier Fin. & Credit Servs., No. 1:17-cv-264, 2018 WL 6726541, at *2 (N.D. Ga. Oct. 3, 2018), report and recommendation adopted by, 2019 WL 8587213 (N.D. Ga. Nov. 25, 2019) (dismissing a complaint under Rule 4(m) as the amended affidavit of service "still" did not state that a copy of the complaint was served with the summons); see also United States v. Demesmin, 6:17-CV-36-ORL-31KRS, 2018 WL 1988864, at *4 (M.D. Fla. Mar. 14, 2018) (denying motion for default judgment because plaintiff (the United States) failed to show that the individual who accepted service on behalf of defendants was in fact an agent authorized to receive service on behalf of defendants).

Given these shortcomings, the Court cannot conclude that Defendant was properly served. Accordingly, the Government's Motion for Default must be **DENIED without prejudice**. (Doc. 9.) The Government shall have until **May 15, 2025**, to file a renewed motion for default judgment. If the Government renews its request for default judgment, it must demonstrate that it served

5

Defendant with both the proper Summons and a copy of the Complaint and it must more fully explain, with citation to authority, whether and on what grounds service on Marie Carew was proper. Failure to file a renewed motion by May 15, 2025, may result in dismissal of this case.

**SO ORDERED**, this 23rd day of April, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA