IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLIDAY SHIPPING d/b/a Holiday Shipping and Trucking, LLC; Holiday Travels & Tours; Holiday Travel & Tours; Holiday Travel and Tours; Holiday Shopping; Holiday Travel and Shipping; and Leone Shipping, LLC,<br><br>    Defendant. | CIVIL ACTION NO.: 4:23-cv-319 |

**O R D E R**

This case is before the Court on Plaintiff the United States of America's Amended Motion for Default Judgment. (Doc. 11.) The Court denied Plaintiff's original Motion for Default Judgment because that Motion did not adequately address the topics of whether service of process had been properly effectuated and whether the Court had personal jurisdiction over the named Defendant. (Doc. 10.) The Court denied the Motion without prejudice and permitted Plaintiff to file a renewed motion that attempted to fully address these topics. (Id. at pp. 5–6.) The Court has carefully considered Plaintiff's Amended Motion for Default Judgment and again **DENIES** the Motion. (Doc. 11.)

BACKGROUND

In its Complaint, Plaintiff alleged that Defendant is "a company involved in exporting merchandise from the United States" and that, on various specified dates, Defendant, acting as the authorized agent for various companies, filed "Shipper Export Declarations" regarding international exports from the Port of Savannah, Georgia. (Doc. 1, pp. 5–8.) The Declarations

were required by federal law and were ultimately determined to be inaccurate. (Id.) Due to the inaccuracies in the required Declarations, United States Customs and Border Protection (hereinafter, "Customs") found that Defendant had violated 13 U.S.C. § 301 (which authorizes the collection of information from all persons involved in the exportation and importation of merchandise), as well as 15 C.F.R. § 30.3(a) and (d) (which require those submitting such information to be "complete, truthful, and accurate"), and 15 C.F.R. § 30.71(b)(3) and 13 U.S.C. § 305(b) (which authorize civil penalties of up to $10,000 per violation for failure to comply with the submission requirements issued pursuant to Section 301(a)). (See id. at pp. 3–9.) As a result, Customs issued "Notices of Penalty" to Defendant. (Id. at p. 9.) According to the Complaint, Customs sent repeated written correspondence to Defendant demanding payment of the penalties and, when Defendant failed to pay, Customs's claims were referred to the United States Attorney's Office for this legal action. (Id.)

Plaintiff filed this action on November 1, 2023. (Doc. 1.) The Complaint is far from a model pleading and its deficiencies and inconsistencies have seriously impacted the Court's ability to meaningfully and efficiently review Plaintiff's request for default judgment. For instance, the caption lists as "Defendants": "Holiday Shipping d/b/a Holiday Shipping and Trucking, LLC; Holiday Travels & Tours, Holiday Travel & Tours; Holiday Travel and Tours; Holiday Shopping; Holiday Travel and Shipping; and Leone Shipping, LLC." (Doc. 1, p. 1.) By stating there are "Defendants" (plural) and inconsistently using commas and semi-colons, it appears from the caption that there are at least two (if not more) Defendants (with one ("Holiday Shipping") doing business under a different name ("Holiday Shipping and Trucking, LLC")). This is further perpetuated by the fact that the first sentence of the Complaint states that Plaintiff is "seeking to collect civil penalties against the above-captioned *Defendants* (*together*, 'Holiday Shipping')." (Id. (emphasis added).) In a completely contradictory and confusing manner, however, the

2

Complaint proceeds, in the "Parties" section, to only reference a single Defendant. (See id. at p. 2 ("*Defendant*, Holiday Shipping, is *a company* involved in exporting merchandise from the United States . . . [and] Holiday Shipping also does business as Holiday Shipping and Trucking, LLC; Holiday Travels & Tours; Holiday Travel & Tours; Holiday Travel and Tours; Holiday Shopping; Holiday Travel and Shipping; and Leone Shipping LLC.") (emphasis added).). The "Parties" section of the Complaint never alleges anything about any additional defendants, (see id.), and it appears from the docket that Plaintiff only requested summonses for "Holiday Shipping" (at three addresses) and not for any differently named entities, (see doc. 2). The Court infers from this, as well as certain aspects of Plaintiff's Amended Motion for Default Judgment, that Plaintiff's suit is against a single Defendant ("Holiday Shipping"), which, Plaintiff alleges, does or has done business under at least seven other names. (See doc. 11, p. 1 (caption refers only to a singular "Defendant" and the first sentence moves for a default judgment "against *the Defendant, Holiday Shipping*") (emphasis added).)

The Complaint alleges only—and very vaguely—the following information about Defendant and the business it transacts:

> Defendant, Holiday Shipping, is a company involved in exporting merchandise from the United States. . . . Over the past several years, Holiday Shipping has conducted business from several locations in or around Atlanta, Georgia, including: (1) 1140 South River Industrial Boulevard, Atlanta, Georgia 30315; (2) 1153 Willingham Drive, East Point, Georgia 30344; and (3) 5703 Westhill Circle, Atlanta, Georgia 30349. The registered agent for Holiday Shipping is Marie Carew.

(Doc. 1, p. 2.) Plaintiff does not allege what specific type of "company" Defendant is, which state(s) it is a citizen of, whether it is registered to transact business in Georgia, and in which state(s) Marie Carew serves as Defendant's registered agent (or where she is located and can be served on behalf of Defendant).

In the previous Order, the Court determined that Plaintiff's Motion for Default Judgment had not addressed whether this Court has personal jurisdiction over Defendant or the interrelated

3

topic of whether valid service of process had occurred. (Doc. 10, p. 3.) Nonetheless, as Plaintiff had separately filed two documents relating to service of process, (doc. 5), the Court took the time to review the documents, (doc. 10, pp. 3–5). The Court ultimately found that the documents "provide[d] more questions than answers," and that Plaintiff had failed to show that it had properly and effectively served Defendant. (Id. at pp. 4–5.) Given the blatant failure to make the necessary showing regarding service of process, the Court did not expend its time and resources examining the other requirements, such as subject matter jurisdiction and personal jurisdiction in general (beyond the service of process requirement).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for a party to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2). However, the clerk's entry of default does not automatically warrant entry of default judgment. "[T]hree distinct matters emerge as essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. Before the Court can grant plaintiff's motion for default judgment, all three must be established." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). Service of process is a critical component of the jurisdictional inquiry because, without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a

defendant. See Royal Lace Paper Works, Inc. v. Pest–Guard Products, Inc., 240 F.2d 814 (5th Cir. 1957).[1]

## DISCUSSION

### I. Subject Matter Jurisdiction

Plaintiff's allegations establish that this lawsuit falls within the Court's subject matter jurisdiction. The Complaint raises a federal question, that being Defendant's liability to Plaintiff for civil penalties assessed against it, pursuant to 15 C.F.R. § 30.71(b)(3), for violating filing requirements of the Automated Export System. See 15 C.F.R. § 30.71(b)(3) (authorizing the United States to impose a civil penalty of up to $10,000 for every violation involving the filing of false or misleading information through the Automated Export System); 15 C.F.R. § 30.72(c) (if any person fails to pay such a penalty, the United States may bring a civil action in district court to recover the "penalty amount imposed (plus interest at currently prevailing rates from the date of the final order)"). Plaintiff alleges that Defendant is liable for the penalties because it filed inaccurate Shipper Export Declarations for goods being exported from the Port of Savannah, Georgia, which is located in this district.

### II. Personal Jurisdiction, in General

The Court must "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." Odyssey Marine Exploration, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 727 F. Supp. 2d 1341, 1345 (M.D. Fla. 2010); see also Geodetic Servs., Inc. v. Zhenghzou Sunward Tech. Co. Ltd., No. 8:13-CV-1595-T-35TBM, 2014 WL 12620804, at *2 (M.D. Fla. Apr. 4, 2014) ("A default judgment is void in the absence of the Court's personal jurisdiction over the defendant . . . .").

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

Plaintiff's Complaint fails to allege anything about the type of entity Defendant is (i.e., corporation, partnership, limited liability company, etc.) nor does it allege that Defendant is (or is not) registered (or otherwise authorized) to do business in the State of Georgia nor does it allege that Defendant's principal place of business is in Georgia (or elsewhere, for that matter).[2] If Defendant is a resident entity, then it is subject to the Court's personal jurisdiction. See, e.g., Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 924 (2011) (noting the "paradigm forum" for general personal jurisdiction is a corporation's place of incorporation or principal place of business (citing Lea Brilmayer Jennifer, A General Look at General Jurisdiction, 66 Tex. L. Rev. 721, 728 (1988))); Watts v. Allstate Ins. Co., 448 S.E.2d 55, 56 (Ga. App. 1994) ("Georgia courts may exercise jurisdiction over Georgia residents, of course."). But if Defendant is an out-of-state entity,[3] it can be subject to the Court's personal jurisdiction only if exercising jurisdiction over it is permitted under Georgia's long-arm statute and comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). Despite the burden being on it to establish that personal jurisdiction exists, Plaintiff has offered the Court no analysis or argument—through either the Complaint or the Amended Motion for Default Judgment—regarding the application of the Georgia long-arm statute or the Due Process Clause to the facts here. Plaintiff simply asserts that

---

[2] In the Amended Motion for Default Judgment, Plaintiff claims that "[t]he Complaint alleged that Defendant is a Georgia resident," (doc. 11, p. 4), but this is wholly inaccurate as the Complaint made no such allegation, (see generally doc. 1). While the Complaint alleges that, "over the past several years," Defendant "has conducted business from several locations in or around Atlanta, Georgia," (id. at p. 2), this does not equate to an assertion that Defendant is a Georgia entity. (For instance, the Complaint does not allege that Defendant is a corporation with its principal place of business at one of these addresses.)

[3] Indeed, a search of the Georgia Secretary of State's Website indicated there were no registration records for a company named, simply, "Holiday Shipping" (which is what Plaintiff alleges Defendant's legal name is). (See https://ecorp.sos.ga.gov/BusinessSearch (last visited 07/08/2025).)

the Complaint alleged that Defendant is a "Georgia resident," (doc. 11, p. 4; see also n.1, supra), which is completely inaccurate, and that Marie Carew was served in Fulton County, Georgia, (doc. 11, pp. 4–5), and that, therefore, "Defendant is subject to the personal jurisdiction of this Court," (id. at p. 5). Plaintiff cites a 2014 case from this district where the Court succinctly held that it "ha[d] personal jurisdiction over [the d]efendant [in that case] because he is a resident of Georgia." (Id. at p. 5 (citing Chubb Custom Ins. Co. v. Torian, No. 1:13-cv-071, 2014 WL 4926390 (S.D. Ga. Sept. 30, 2014).) Plaintiff offers no context of how it believes that case is relevant to the facts of this case. A quick review of that case, however, shows that it involved an *individual* defendant who was explicitly alleged (in the Complaint) to be a resident of Georgia and who was ultimately personally served at his alleged home address in Georgia. (See Chubb Custom Ins., No. 1:13-cv-071 (S.D. Ga.) (docs. 1, 9-1).) Thus, the cited case differs significantly from this case and does not support a finding here that the Court has personal jurisdiction over Defendant.

The Court cannot glean from the scant allegations before it whether exercising jurisdiction over Defendant would comply with due process and Georgia's long-arm statute. Accordingly, the Court has no basis to conclude that it would be authorized to exercise personal jurisdiction over Defendant.

## III.   Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); Laster v. City of Albany, Georgia, Water, Gas & Light Co., 517 Fed. Appx. 777, 777 (11th Cir. 2013) ("Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant.") (citing Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). Thus, Plaintiff, as the party seeking a default judgment, must

7

present sufficient facts and legal analysis to demonstrate to the Court that Defendant was validly served with process.

In the prior Order denying the original Motion for Default Judgment, after pointing out that Plaintiff's Motion was silent on the critical topic of service of process, the Court found that the service-related documents that had been filed in the case were ambiguous and did not make it sufficiently clear that Defendant had been properly served. (Doc. 10, pp. 3–4.) For instance, the Court noted, it was unclear: whether a copy of the Complaint had actually been served along with the summons; whether Marie Carew was indeed served a summons directed to her individually (rather than in some capacity related to Defendant); what is the significance of a reference to the phrase "Holiday Carew" in the line for the "name of individual and title, if any" in the service papers; and, if Marie Carew was served a summons directed to Defendant (along with a copy of the Complaint), whether (and, if so, on what basis) she was in fact a person authorized or designated by law to accept service on behalf of Defendant and whether she knew or should have known that she was being served in this capacity. (Id. at p. 4.) The Court cited several cases where courts had denied plaintiffs their requested relief—including, specifically, default judgments—because they failed to show things like whether a copy of the complaint had been served along with the summons. (Doc. 10, p. 5.)

On the surface, the Amended Motion appears to attempt to show that Defendant was properly and sufficiently served with process, but it falls well short of actually doing so. While it makes a few factual assertions and attaches some evidence about Marie Carew's connection to Defendant, it offers virtually no meaningful argument, analysis or legal authority on the effectiveness of service of process, specifically whether and how it satisfied the applicable federal and state requirements. For instance, in the "Argument" section of the Amended Motion, Plaintiff claims that "[t]he Complaint alleged that the Defendant is a Georgia resident," citing generally to

8

the Complaint. (Doc. 11, p. 4.) As the Court has explained, in the previous section of this Order, this is not true. The "Argument" section proceeds to simply argue that Marie Carew is "the owner and operator of Holiday Shipping," that she was served with "a copy of the Summons and Complaint" at an address in Georgia, and that Defendant is therefore "subject to the personal jurisdiction of this Court." (Id. at p. 5.) Plaintiff offers no legal authority on the topic of service of process. As Plaintiff was explicitly reminded and warned in the Court's prior Order, the burden is on a plaintiff seeking a default judgment—not the courts—to present the necessary factual *and* legal analysis to establish that service of process has been validly effectuated. Moreover, Local Rule 7.1(b) requires that "every motion filed in civil proceedings shall cite to supporting legal authorities." Plaintiff, however, has offered merely conclusory statements along with a citation to a single case where the topic of service of process was not analyzed.[4] Plaintiff does not, for instance, cite any portion of Federal Rule of Civil Procedure 4 or any relevant Georgia law on service of process in this state. Additionally, the lack of factual information about the type of legal entity that Defendant qualifies as has unnecessarily hindered and complicated the analysis.

## CONCLUSION

For the reasons laid out above, the Court **DENIES** Plaintiff's Amended Motion for Default Judgment, (doc. 11). Plaintiff has now twice been warned about the burden it bears in proving that a default judgment award is appropriate. The Court **DIRECTS** Plaintiff to file a Second Amended Motion for Default Judgment and, if it believes necessary, an Amended Complaint within **fourteen (14) days** of this Order. Such amendments shall address as necessary the deficiencies noted herein

---

[4] In the case cited by Plaintiff, Chubb Custom Ins. Co. v. Torian, the defendant was an individual (not a business entity); the complaint alleged that he resided in Georgia; and, per the return of service filed on the docket and cited in the order, he was personally served in Georgia (at the address where he was alleged to reside per the complaint). (See No. 1:13-cv-71 (S.D. Ga.) (docs. 1, 9-1).) Accordingly, no in-depth analysis was necessary for the Court to conclude that (1) valid service of process had occurred, and (2) the Court had personal jurisdiction over the defendant. As such, the case—which is not analogous to the situation at hand—lends no support for Plaintiff's burden of showing valid service of process here.

by clearly laying out the relevant facts and—specifically, in the Second Amended Motion—the legal analysis necessary to demonstrate that the Court has personal jurisdiction over Defendant and that Defendant was properly served under the applicable law. Failure to sufficiently address the deficiencies may result in dismissal of the case.

**SO ORDERED**, this 8th day of July, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA