## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 4:23-cv-319 |
| | ) | |
| MARIE CAREW d/b/a HOLIDAY SHIPPING, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED COMPLAINT

The Plaintiff, the United States of America, brings this complaint seeking to collect civil penalties against the above-captioned Defendant, Marie Carew, doing business as Holiday Shipping, for knowingly filing false export information, in violation of U.S. Customs and Border Protection laws and regulations. In support, the United States alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action brought to collect eight civil penalties of $10,000 each, along with interest as provided for by law, pursuant to 13 U.S.C. § 305. U.S. Customs and Border Protection imposed the penalties on the Defendant for knowingly filing false or inaccurate export information related to the description of the commodities, quantity of the goods, and/or the value of the goods being exported on eight separate occasions.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1345, and 1355, and 13 U.S.C. § 305(c)(2).

3.     Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1395(a), because the penalties at issue accrued in this District, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4.     Plaintiff is the United States of America, acting through the United States Customs and Border Protection ("CBP").

5.     Defendant, Marie Carew, is an individual at least 18 years of age who resides at 5703 Westhill Circle, Atlanta, GA 30349 and uses the trade name Holiday Shipping for business purposes. *See* Exhibit 1, Application to Register a Business to be Conducted under a Trade Name.

6.     Defendant operates and does business as Holiday Shipping, an ocean freight forwarder-ocean transportation intermediary ("OTI") licensed by the Federal Maritime Commission ("FMC"). Defendant's application to be an OTI identified Marie S. Carew as the sole proprietor of Holiday Shipping. *See* Exhibit 2, Ocean Transportation Intermediary License Applicant Notice (Aug. 25, 2004).

7.     Defendant's OTI license enabled her to register through CBP's Automated Export Information System ("AES") as an authorized agent to export merchandise from the United States. Through AES, the Defendant was able to file

Shipper's Export Declarations ("SED") and enter Electronic Export Information ("EEI"), among other documents pertaining to the export of goods. In various submissions, Defendant identified Holiday Shipping's address as either 1153 Willingham Drive, East Point, GA 30344 or "1140 South River Industrial Boulevard, Atlanta, GA 30015[1]".

8.    At the time the Defendant registered with AES, Holiday Shipping was assigned an Employer Identification Number ("EIN"), of 58-2138563. This EIN was also used as Holiday Shipping's Importer Number. Although an EIN is formatted as a nine-digit number, following registration and prior to December 1, 2019, Defendant began utilizing EIN 58-213856300, adding two zeros to the end of the originally assigned EIN. This altered number was connected to Holiday Shipping as their Importer Number going forward.

9.    CBP records show that Holiday Shipping's EIN was also used for exports performed by Holiday Shipping and Trucking, LLC, a Georgia Limited Liability Company organized by Defendant, and Leone Shipping LLC, a Georgia Limited Liability Company organized by Defendant. However, the penalties that are the subject of this civil action were all incurred by Holiday Shipping, Defendant's sole proprietorship.

10.    Defendant conducted business as Holiday Shipping from addresses in and around Atlanta, GA, including 1153 Willingham Drive, East Point, GA 30344,

---

[1] On information and belief, the correct address is 1140 South River Industrial Boulevard SE, Atlanta, GA 30315.

1140 South River Industrial Boulevard SE, Atlanta, GA 30315, and 5703 Westhill Circle, Atlanta, GA 30349.

11.    The Defendant, under the name of Holiday Shipping, exported from Port 1703 – Savannah, Georgia, for all exports that give rise to the civil penalties that are the subject of this Complaint. *See* Exhibit 3, Electronic Export Information Forms (identifying Port 1703 on each form's Line 11).

## STATUTORY AND REGULATORY BACKGROUND

12.    Exporters must file accurate export information with the AES system, to ensure compliance with trade regulations.  Such information must include the correct description of the commodity, quantity of the goods, and the value of the goods.

13.    13 U.S.C. § 301 authorizes the collection of information from all persons involved in the exportation and importation of merchandise.

14.    13 U.S.C. § 305(b) authorizes civil penalties of up to $10,000 per violation for failing to comply with any filing requirements set forth under any rule, regulation, or order issued pursuant to Section 301(a).

15.    The implementing regulations for 13 U.S.C. §§ 301(a) and 305(b) are set forth in Title 15, Part 30 of the Code of Federal Regulations ("C.F.R.") and require all persons to file export information in conformity with its applicable subsections.

16.    15 C.F.R. § 30.1 requires that information related to exports be filed in the AES.

17.    The filing requirements for the AES are set forth at 15 C.F.R. § 30.2, which provides that all electronic export data ("Electronic Export Information" or

"EEI") must be filed by either the United States Principal Party in Interest (hereinafter "USPPI") or its "authorized agent." Under 15 C.F.R. § 30.3(b)(3), an "authorized agent" is someone "authorized by the USPPI . . . to prepare and file the EEI."

18.    The required EEI data points must be included in the Shipper's Export Declaration ("SED"). Regulations prescribe a number of mandatory EEI data elements that must be included in the SED. 15 C.F.R. § 30.6(a)(1)-(28).

19.    Among the mandatory data elements is the commodity description, defined as "the description of goods shipped in English in sufficient detail to permit verification of the Schedule B . . . number" by CBP. 15 C.F.R. § 30.6(a)(13). "Schedule B" numbers are "10-digit commodity classification numbers" that "cover everything from live animals and food products to computers and airplanes," as set forth in Schedule B, "Statistical Classification of Domestic and Foreign Commodities Exported from the United States." 15 C.F.R. § 30.1.

20.    The SED also must contain as a mandatory data element the primary quantity of goods, which is "the total number of units that correspond to the first unit of measure specified in the Schedule B[.]" 15 C.F.R. § 30.6(a)(15).

21.    An additional mandatory data element is the value of the goods, "the value of the goods at the U.S. port of export in U.S. dollars." 15 C.F.R. § 30.6(a)(17).

22.    An EEI must be filed through the AES for all vehicles exported from the United States and include its Vehicle Identification Number ("VIN"). 15 C.F.R. §§ 30.6(b)(9) and 30.26.

23.     "Failure of the . . . authorized agent . . . to comply with any of the requirements of the regulations in this part renders such persons subject to penalties[.]" 15 C.F.R. § 30.2(e).

24.     Authorized agents are responsible for ensuring that the EEI submitted through the AES is complete, truthful, and accurate. 15 C.F.R. § 30.3(a) and (d).

25.     The United States may impose a civil penalty of up to $10,000 for every violation involving the filing of false or misleading information through the AES.  13 U.S.C. § 305(b); 15 C.F.R. § 30.71(b)(3).  Further If any person fails to pay such a penalty, the United States may bring a civil action in this Court to recover the "amount imposed (plus interest at currently prevailing rates from the date of the final order)."  13 U.S.C. § 305(c)(2). *See also* 15 C.F.R. § 30.72(a).

## FACTS RELATED TO PENALTIES

26.     CBP imposed eight $10,000 penalties on the Defendant for violating the filing requirements of the AES related to her international exports on eight separate occasions from the Port of Savannah in Georgia.

27.     All eight penalties were assessed to Defendant's sole proprietorship, Holiday Shipping, and referenced EIN and/or Importer Number, 58-213856300, the altered EIN used by Holiday Shipping.

28.     On or about November 1, 2018, the Defendant, acting as the authorized agent for USPPI Classie Auto Brokers, LLC and using Importer Number 58-2138563, filed an SED through the AES under Internal Transaction Number ("ITN") X20181101238841 related to the export of one Toyota C-HR destined for Ghana.

Holiday Shipping identified the VIN for the Toyota C-HR as VIN NMTKHMBXXJR007389.  Contrary to the Defendant's AES filing, the VIN for the Toyota C-HR was not NMTKHMBXXJR007389. Instead, the true VIN for the vehicle was NMTKHMBXXJR042983.

29.     On or about November 10, 2018, the Defendant, acting as authorized agent for USPPI JJ Contracting Services Inc. and using Importer Number 58-2138563, filed an SED through the AES under ITN X20181110814299 related to the export of the parts of one Honda Civic, VIN 1NXBR32EX5Z398869, destined for Nigeria.    Contrary to the Defendant's AES filing, the vehicle with VIN 1NXBR32EX5Z398869 was not a Honda Civic, it was a Toyota Corolla.

30.     On or about November 13, 2018, the Defendant, acting as authorized agent for USPPI Anani Kossiguan and using Importer Number 58-2138563, filed an SED through the AES under ITN X20181113938785 related to the export of "Mixed Personal Effects" and "All Wearing Apparel, Donated for Relief/Charity" destined for Togo.  Contrary to Holiday Shipping's AES filings, the goods being exported were not "Mixed Personal Effects" or "Wearing Apparel."   Rather, the shipping container corresponding to ITN X20181113938785 contained pallets of new lighting and other new fixtures, and pallets of new designer purses, which constitute goods for commercial use, not personal use.

31.     On or about December 10, 2018, the Defendant, acting as authorized agent for USPPI Janet Tawiah Owusu and using Importer Number 58-2138563, filed an SED through the AES under ITN X20181210414184 related to the export of one

Toyota FJ Cruiser and Mixed Personal Effects described as "All Wearing Apparel, Donated for Relief/Charity" destined for Ghana. Contrary to the Defendant's AES filings, the shipping container corresponding to ITN X20181210414184 contained 13 televisions that were not manifested in the SED.

32.     On or about January 30, 2019, the Defendant, acting as authorized agent for USPPI Sony International Shipping and using Importer Number 58-2138563, filed an SED through the AES under ITN X20190130024897 related to the export of 46 Plot Mixed televisions destined for Mali. Contrary the Defendant's AES filings, the shipping container corresponding to ITN X20190130024897 contained 29 televisions, not 46 televisions, and 83 Sony Wireless Stereo Headphones that were not manifested in the SED.

33.     On or about February 1, 2019, the Defendant, acting as authorized agent for USPPI Sony International Shipping and using Importer Number 58-2138563, filed an SED through the AES under ITN X20190201133114 related to the export of 345 Plot Mixed televisions destined for Mali. Contrary to the Defendant's AES filings that declared the shipping container corresponding to ITN X20190201133114 contained 327 televisions, not 345 televisions as declared, and also contained 168 Sony Wireless Stereo Headphones that were not manifested in the SED.

34.     On or about February 16, 2019, the Defendant, acting as authorized agent for USPPI Sony International Shipping and using Importer Number 58-2138563, filed an SED through the AES under ITN X20190216008393 related to the export of 293 televisions destined for Mali. Contrary to the Defendant's AES filings,

the shipping container corresponding to ITN X20190216008393 contained 392 televisions, not 293 televisions.

35.    On or about February 26, 2019, the Defendant, acting as authorized agent for USPPI Sony International Shipping and using Importer Number 58-2138563, filed an SED through the AES under ITN X20190226497743 related to the export of 249 Sony Wireless Headphones destined for Mali.   Contrary to the Defendant's AES filings, the shipping container corresponding to ITN X20190226497743 contained 269 Sony Wireless Headphones, not 249 as declared, and also contained 206 Mass Effect Andromeda Collector's Edition Remote Control Nomad ND1's that were not manifested in the SED.

36.    By filing false or incorrect EEI through the AES on or about November 1, 2018; November 10, 2018; November 13, 2018; December 10, 2018; January 30, 2019; February 1, 2019; February 16, 2019; and February 26, 2019, with respect to eight separate international exports, the Defendant violated 13 U.S.C. §§ 301(a) and 305(b), and the above-referenced implementing regulations.

37.    Based on the above-referenced violations, CBP issued eight "Notices of Penalty" to Holiday Shipping, in the amount of $10,000 each, on November 26, 2018; November 29, 2018; two on January 14, 2019; February 15, 2019; February 20, 2019; March 12, 2019; and March 20, 2019, respectively. *See* Exhibit 4, Notices of Penalty.

38.    In response, CBP received two petitions regarding two of the above-referenced notices from the Defendant on behalf on Holiday Shipping, from the

address 1153 Willingham Drive, East Point, GA 30344. *See* Exhibit 5, Defendant's Petitions.

39.    The Defendant's petitions were inadequate, as outlined in the April 29, 2019, correspondence from CBP to the Defendant. The correspondence detailed the requirements for the Defendant's petition(s), per 19 C.F.R. § 171.1, and allowed the Defendant 30 days to supplement. The Defendant failed to respond.

40.    CBP sent written correspondence to Holiday Shipping demanding payment for the penalties on more than 30 occasions between March 16, 2019, and September 7, 2019. *See* Exhibit 6, Notices to Defendant.

41.    CBP identified its January 6, 2020 correspondence, as a "Final Notice of Penalties Incurred and Demand for Payment," stating that CBP's claims could potentially be referred for legal action if not paid within fourteen (14) days.

42.    To date, the Defendant has not paid any part of the penalties for which she is liable and remains indebted to the United States.

43.    The Certificates of Indebtedness, attached as Exhibit 7, provides that the Defendant is indebted to the United States in the principal total amount of $80,000 (eighty thousand dollars).

44.    The eight violations are set forth in the table below.

| VIOLATION (CUSTOMS CASE NO.) | INITIAL NOTICE OF PENALTY | FINAL NOTICE OF VIOLATION AND PAYMENT DEMAND |
|---|---|---|
| 2019-1703-300037-01 | 11/26/2018 | 1/6/2020 |
| 2019-1703-300038-01 | 11/29/2018 | 1/6/2020 |
| 2019-1703-300051-01 | 1/14/2019 | 1/6/2020 |
| 2019-1703-300052-01 | 1/14/2019 | 1/6/2020 |
| 2019-1703-300080-01 | 2/15/2019 | 1/6/2020 |

| 2019-1703-300081-01 | 2/20/2019 | 1/6/2020 |
| 2019-1703-300100-01 | 3/12/2019 | 1/6/2020 |
| 2019-1703-300112-01 | 3/20/2019 | 1/6/2020 |

## COUNT I
### (Recovery of Debts pursuant to 13 U.S.C. § 305)

45.    The Defendant was provided notice of the CBP penalties and was given the opportunity to respond.

46.    The eight penalties assessed of $10,000 each became final against the Defendant.

47.    The Defendant owes CBP a debt of $80,000, plus interest.

WHEREFORE, the United States prays that judgment be rendered in its favor against the Defendant:

(a) The sum of $80,000, this being $10,000 for each of the eight penalties, plus interest.

(b) The United States further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the post judgment rate until paid in full.


TARA M. LYONS
ACTING UNITED STATES ATTORNEY

***/s/ Lindsay Berman-Hansell***
Assistant United States Attorney
Georgia Bar No. 575823
22 Barnard Street, Suite 300
Savannah, Georgia 31401
(p) 912-652-4422
(f) 912-652-4388
Lindsay.Berman-Hansell@usdoj.gov