**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-319 |
| | ) | |
| MARIE CAREW d/b/a HOLIDAY | ) | |
| SHIPPING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR DEFAULT JUDGMENT**

The United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, hereby moves this Court to enter a default judgment against the above-captioned Defendant Marie Carew d/b/a Holiday Shipping ("Defendant Carew"), for eight delinquent debts in the amount of $10,000.00 each, for a total sum of $80,000.00, plus interest to accrue at the post-judgment rate after the order has been entered, owed to the United States pursuant to 13 U.S.C. § 305 and the Federal Debt Collection Procedures Act, codified at 28 U.S.C. § 3001. In support of this motion, the United States shows as follows:

1.      This matter originated after U.S. Customs and Border Protection ("Customs") issued eight "Notices of Penalty" to Defendant Carew, each in the amount of $10,000.00, for knowingly filing false or inaccurate export information related to the description of the commodities, quantity of goods, and/or the value of the goods being exported, in violation of 13 U.S.C. §§ 301(a) and 305(b). Customs attempted to

1

secure the debt owed to the United States on 30 separate occasions. A "Final Notice of Penalties Incurred and Demand for Payment" was sent by Customs to Defendant Carew on January 6, 2020.

2.      The United States filed a Complaint on November 1, 2023. Doc. 1. On July 22, 2025, after receiving leave to do so from this Court, the United States filed an Amended Complaint seeking to recover a judgment on these eight delinquent civil penalties. Doc. 13. Each penalty was for $10,000.00, for a total civil penalty owed to the United States of $80,000.00, plus interest to accrue at the post judgment rate until paid in full, pursuant to 28 U.S.C. § 1961.

3.      The Amended Complaint and Summons were personally served upon Defendant Carew at her address on August 1, 2025, at 5703 Westhill Circle, Atlanta, Georgia 30349, as evidenced by the Return of Service filed by the United States Marshals Service. Doc. 19. Defendant Carew added this address to Customs' Automated Export Information System ("AES") profile to receive correspondence associated with her shipping business. Ex. 1 at 6 (Declaration of Jessica Mangubat with the Trade Regulations Branch). Defendant Carew is also listed as an owner of this property.[1] Ex. 2 (Fulton County Board of Assessors Search Results).

4.      Federal Rule of Civil Procedure 12 requires an answer or other response to a complaint within 21 days after personal service of the Summons and Complaint upon a Defendant. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Carew was served with the Summons

---

[1] Ex. 2 is a printout retrieved on April 7, 2026, from the Fulton County Board of Assessors website which lists the owners of the Westhill Circle residence as James and Marie Carew. *See* https://qpublic.schneidercorp.com/Application.aspx?AppID=936&LayerID=18251&PageTypeID=4&PageID=8156&Q=733001501&KeyValue=13+009400020321.

and Amended Complaint on August 1, 2025, and therefore was required to file and serve a response to the Amended Complaint within 21 days of service *i.e.*, no later than August 22, 2025. Defendant Carew failed to file and serve a response to the United States' Amended Complaint.

5.   After Defendant Carew failed to answer or otherwise respond to the Amended Complaint, the United States filed an Application for Entry of Default on September 5, 2025, and the Clerk of Court's Entry of Default was entered on September 8, 2025. Docs. 20, 21.

6.   The United States sent Defendant Carew, via certified mail, return receipt requested, a copy of the filed Application for Entry of Default to Marie Carew at 5703 Westhill Circle, Atlanta, Georgia 30349. Ex. 3 (Certified Mail Return Receipt). Defendant Carew has not filed an answer to the United States' Amended Complaint, nor has she responded to or moved to set aside the Clerk's Entry of Default.

## ARGUMENT

As set forth above, the Plaintiff's Amended Complaint states a cause of action for recovery of eight debts owed to the United States for penalties incurred by Defendant Carew, and a default judgment against Defendant Carew is proper.

Fed. R. Civ. P. 55 provides for a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). When considering a motion for default judgment, the court accepts all well-pleaded factual allegations in the complaint as true. *United States v. Ruetz,* 334 F. App'x 294, 295 (11th Cir. 2009). Entry of default judgment is appropriate when the adversarial process is halted due to an unresponsive party that fails to appear or otherwise acknowledge

3

the pendency of a lawsuit against it. *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (citation omitted). "It is proper exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the prevailing party is lawfully entitled to recover and then give judgment accordingly." *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 870 (S.D. Ga. 1996) (citing *Kleier Advertising, Inc. v. John Deery Motors, Inc.*, 834 F. Supp. 311, 314 (D. Iowa 1993)); *see also RenewalMD, PC v. Shanklin*, No. 4:21-cv-184, 2024 WL 420151, at *3 (S.D. Ga. Feb. 5, 2024) (Baker, J.); *Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591–93 (S.D. Ala. 2007) (granting default judgment when defendant was unresponsive for three months).

The complaint must nonetheless state a cause of action and "judgment may be granted only for such relief as may lawfully be granted" upon the facts alleged in the complaint. *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1358 (S.D. Ga. 2004) (Edenfield, J.). Three matters are essential when considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. *Id.* at 1356.

The Court has subject-matter jurisdiction over this case. The United States is the Plaintiff in this case and has initiated this suit to recover a judgment on eight debts. Doc. 13. Thus, the Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . .") and 28 U.S.C. § 3001(a)(1) ("[This] chapter provides the exclusive civil procedures for the United States to recover a judgment on a debt.").

In addition, Defendant Carew is subject to this Court's personal jurisdiction. The Amended Complaint alleged, and the documents attached to the Amended Complaint in this motion evidence, that Defendant Carew is a Georgia resident who regularly transacts business within Georgia through a sole proprietorship known as Holiday Shipping. Doc. 13 at ¶¶ 5, 7, Doc. 13-1. More specifically, Defendant Carew resides in Fulton County at 5703 Westhill Circle, Atlanta, GA 30349, *see* Ex. 2 (Fulton County Board of Assessors Search Results), an address she has used to conduct business relevant to the allegations in the complaint, *see* Ex. 1 (Decl. of Jessica Mangubat).

Defendant Carew operates as an ocean freight forwarder, a type of ocean transportation intermediary ("OTI"), which is licensed by the Federal Maritime Commission. *Id.* Defendant Carew certified as part of her application to be an OTI that she was seeking licensure as the sole proprietor for Holiday Shipping. Ex. 4, Parts B and G (Application for a License As An Ocean Transportation Intermediary). Using her OTI license, Defendant Carew registered through Customs' AES as an authorized agent to export merchandise from the United States. Doc. 13. Defendant Carew registered her sole proprietorship using the trade name Holiday Shipping with the Fulton County Superior Court. Doc. 13-1 (Application To Register A Business To Be Conducted Under A Trade Name).

Personal jurisdiction also is appropriate because Defendant Carew was personally served with the summons and Amended Complaint on August 1, 2025, by a Deputy United States Marshal at her residence at 5703 Westhill Circle, Atlanta, Georgia 30349, located

5

in Fulton County, Georgia, in accordance with Fed. R. Civ. P. 4(e)(2)(A).[2] Doc. 19. A return of service is prima facie evidence of personal service. *See Jones v. Lopez-Herrera*, 308 Ga. App. 81 (2011) (citing *Oglesby v. Deal*, 311 Ga. App. 622, 626 (2011)). The Deputy United States Marshal filed a Return of Service summarizing his service upon Defendant Carew by describing the physical location to be served, along with the physical characteristics of individual he personally served. Doc. 19.

Furthermore, despite the penalties at issue having arisen from Defendant Carew's operation of her sole proprietorship, no additional service is required, as a sole proprietorship in Georgia is merely an alter ego of its owner rather than a distinct legal entity. *See Wilson v. State Farm Fire & Cas. Co.*, No. 4:14-CV-0265-HLM, 2015 WL 11670153, at *6 (N.D. Ga. Aug. 14, 2015) (surveying Georga law). A trade name used by a sole proprietorship "is merely a name assumed or used by a person recognized as a legal entity." *Miller v. Harco Nat'l Ins. Co.*, 274 Ga. 387, 391 (2001). Here, Defendant Carew is a resident of Georgia, and she was personally served at an address she provided to Customs for correspondence associated with her business dealings. Ex. 1. As Defendant Carew operates as a sole proprietorship, personal service on her at her residence establishes the personal jurisdiction requirement.[3] *See* Fed. R. Civ. P.

---

[2] The Government notes that the 5703 Westhill Circle, Atlanta, Georgia 30349 address comes up as College Park, Georgia on the County Assessors' website. *See* https://qpublic.schneidercorp.com/Application.aspx?AppID=936&LayerID=18251&PageTypeID=4&PageID=8156&Q=733001501&KeyValue=13+009400020321. However, the U.S. Postal Service address lookup identifies the address as being in Atlanta. *See* Ex. 5, U.S. Postal Service Search Results. The specific area is referred to as College Park/Southwest Atlanta.

[3] In a prior opinion denying a previous motion for default, the Court pointed out the lack of analysis of how Georgia's long-arm jurisdiction statute might apply, or how the exercise of personal jurisdiction over a possible nonresident defendant would comport with due process. *See United States v. Holiday Shipping*, No. 4:23-cv-319, 2025 WL 1884798, at *3 (S.D. Ga. Jul. 8, 2025). Because the United States has shown Defendant Carew is a Georgia resident, the long-arm jurisdiction statute does not apply, O.C.G.A. §§ 9-10-90 (defining "nonresident") and 9-10-91, and therefore no due process concerns are implicated.

4(e)(2)(A).

The well-pleaded allegations and evidence before the Court establish Defendant Carew's liability. As certified in the Certificate of Indebtedness, Defendant Carew was liable for the eight penalties Customs assessed in the amount of $10,000.00 each, for violations of 13 U.S.C. §§ 301(a) and 305(b). These penalties were assessed because, on eight separate occasions, Defendant Carew violated the filing requirements of the AES by filing false or inaccurate export information. *See* Doc. 13 at ¶¶ 26-36. She was repeatedly notified of these penalties and her obligation to pay. *Id.* at ¶ 40.

Finally, the United States is entitled to damages without a hearing because the amount claimed is for "a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 858 (5th Cir. 1979). The United States is owed damages from Defendant Carew in the amount of $80,000.00. Doc. 13-7 (Certificate of Indebtedness). This amount has been certified by Customs and is for a sum certain. *Id.*, Ex. 6 (Declaration from John Wilcher with Customs).

## CONCLUSION

For these reasons, the United States respectfully requests that the Court enter a default judgment against the Defendant in the amount of $80,000.00. The United States further requests that the Court also award post-judgment interest at the legal rate per annum. A proposed order is attached for the Court's convenience.

A declaration in support of this motion is attached.

\* \* \*

Respectfully submitted, this 1st day of May, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Lindsay Berman-Hansell***
Assistant United States Attorney
Georgia Bar No. 575823
22 Barnard Street, Suite 300
Savannah, GA 31401
(p) 912-652-4422
(f) 912-652-4326
Lindsay.Berman-Hansell@usdoj.gov

8

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served the Defendant via certified mail, return receipt requested at her address: Marie Carew, d/b/a Holiday Shipping, 5703 Westhill Circle, Atlanta, Georgia 30349.

Respectfully submitted this 1st day of May, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Lindsay Berman-Hansell*
Assistant United States Attorney
Georgia Bar No. 575823

9